IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

TAMI TAROCHIONE,                )
                                )
             Plaintiff,          )
                                )
     v.                          )    No.  13 C 1304
                                )
ROBERTS PIPELINE, INC., et al., )
                                )
             Defendants.         )

                 MEMORANDUM OPINION AND ORDER

     Both defendants--Roberts Pipeline, Inc. ("Roberts") and Laborers Local 75 ("Local 75")--have filed Answers to the Complaint brought against them by Tami Tarochione ("Tarochione"). Both of those responsive pleadings pose some problems, so as to occasion the issuance of this sua sponte opinion.

     To begin with, each Answer departs from the straightforward language of Fed. R. Civ. P. ("Rule") 8(b)(5) in disclaiming some of the allegations in Tarochione's Complaint.  Roberts' Answer ¶¶4, 6 and 23 through 25 follow a disclaimer that tracks the Rule's language with the phrase "and therefore denies same," while Local 75's Answer ¶¶14, 15, 17, 18, 20, 21, 26 and 27 commit the same pleading error, but with slightly different language:  "and therefore denies them."

     Those add-on phrases are of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)?

Hence the offending language is stricken from each Answer wherever it appears.

To turn to more substantive matters, the Answers present conflicting versions of Local 75's involvement or noninvolvement in the asserted employment discrimination about which Tarochione complains. According to Local 75, it is not a party to a collective bargaining agreement ("CBA") with Roberts: Its Answer ¶6 asserts that Roberts' CBA relationship is with Laborers' International Union of North America ("International Union"), with which Local 75 is an affiliate, and that Local 75 is not a signatory to the CBA. For its part, however, Roberts' Answer ¶6 says that its CBA was with Local 75.

None of the parties has provided this Court with a copy of the relevant CBA, so this Court is not in a position to choose between the two conflicting versions. But even if Tarochione's allegations and Roberts' purported corroboration have it right, it appears that Tarochione cannot maintain her action against Local 75 in any event, for her sole claim against Local 75 is for an asserted breach of that union's duty of fair representation (Complaint Count I), and it appears that any such claim was untimely brought.

On that score Local 75's Answer ¶24 confirms that it notified Tarochione in early September 2012 that the International Union had declined to file a grievance on her

2

behalf.  Even if that refusal could be ascribed to Local 75, its First Affirmative Defense invokes the statute of limitations, and <u>Del Costello v. Teamsters</u>, 462 U.S. 151 (1983) imposes a short six-month limitation period for claimed breaches of a union's duty of fair representation.

Accordingly, unless Tarochione's counsel provides a filing that identifies some basis for keeping Local 75 in the case on or before May 7, 2013, this Court will be constrained to dismiss Local 75 as a defendant based on its First Affirmative Defense.

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 23, 2013